### J. U. WILLIAMS v. THE STATE.

No. 10308.   Delivered December 15, 1926.

**Theft a Felony—Value of Property—Market Value Controls.**

Where, on a trial for theft, the grade of the offense depending upon the value of the property stolen, the state must establish its market value, or that there was no market value provable. The failure of the state to make this proof in the case before us is fatal to the conviction, and the cause must be reversed and remanded.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction of felony theft, penalty five years in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene; *L. H. Welsh* of Breckenridge, and *Benson & Dean* of Breckenridge, for appellant. On proof of value of stolen property, appellant cites:

Osborn v. State, 56 S. W. 54.
Brooks v. State, 44 N. W. 436, 28 Neb. 389.
Edmonds v. State, 42 Neb. 684.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Stephens County of felony theft, punishment five years in the penitentiary.

Appellant was charged with the theft of a lot of household goods belonging to Mr. and Mrs. Peeks. They lived in Breckenridge, Texas, and about the 15th of June, 1925, locked up their house and went to the oil fields. Upon their return some weeks later they claim that their house had been broken and entered

and a stove, a bedstead and springs, a mattress, a mirror, a trunk and contents along with some other articles had disappeared. The proof seems to connect appellant with the stove, the bedstead and springs, the trunk and mattress. Appellant claimed to have been given the stove by some people whose furniture he hauled in June of said year.

There is a bill of exception to the testimony of Peeks as to the values of the property. If same was in proper shape for consideration, it would manifest error, Peeks wholly failing to disclose any knowledge on his part of the market value of the property, and failing to show sufficiently that there was no market value for same. There is a sufficient bill complaining of the testimony of Mrs. Peeks in the same regard. She was permitted to testify to how much certain of the property would be worth to her and what it would cost her to buy it, over the objection that she had not stated that this was the market value and had not shown that there was no market value. Two of the witnesses for the state testified that there were second-hand furniture stores in Breckenridge, and it is quite evident that there was a market value for such property in said city. In cases such as this the rule is well settled that before parties would be permitted to put any other valuation upon the alleged stolen property, it would have to be shown that there was no market value provable.

Mr. and Mrs. Peeks placed quite a high valuation upon the property, saying that the old trunk, which was part of the property taken, was worth ten dollars; another witness said it was valueless. Mr. Peeks valued the bedstead at fifteen dollars, and the springs at five dollars; another witness said he bought said bedstead and springs at six dollars and gave for them all they were worth.

In addition to the error in the admission of the above testimony, we are in very serious doubt as to the sufficiency of the testimony to show that the property taken was of the value of as much as fifty dollars. We have no doubt of the fact that it was not shown to be of such value by competent testimony.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*